UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ANDREE A.,                          )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 18-470 WES
                                    )
ANDREW M. SAUL,                     )
Commissioner of the Social          )
Security Administration,            )
                                    )
        Defendant.                  )
_____ )

**ORDER**

WILLIAM E. SMITH, District Judge.

   Before the Court in this Social Security appeal is a Report and Recommendation filed by Magistrate Judge Lincoln D. Almond, ECF No. 21 ("R. & R."), which recommends that the Plaintiff's Motion to Reverse the Determination of the Commissioner be granted and the Commissioner's Motion to Affirm be denied.  Magistrate Judge Almond also recommends that this matter be remanded for further proceedings in accordance with 42 U.S.C. § 405(g).  For the reasons stated in this order, the R. & R. is accepted and adopted in full, over the objections.  Accordingly, Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 14, is GRANTED, and Defendant's Motion to Affirm the Decision of the Commissioner, ECF No. 17, is DENIED.

I.  Background

On August 5, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. § 405(g), based on an alleged disability beginning April 30, 2015.  R. & R. 2.  Following denial of that application, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Id.  Thereafter, the ALJ issued an unfavorable decision, ultimately finding that Plaintiff could not meet the requirements at step two of the Social Security Administration's five-step analysis for evaluating disability claims.  Id. at 11-12; see 20 C.F.R. § 404.1520.

Specifically, the ALJ concluded that, through the date last insured, December 31, 2015, Plaintiff had "medically determinable impairments of MRSA infections and a back disorder."  R. & R. at 12, 13.  The ALJ further determined, however, that Plaintiff was not disabled under the statute because she did not have "severe" impairments which would "significantly limit the ability to perform basic work activities for 12 consecutive months."  Id. at 11-12 (internal citation omitted).  After Plaintiff's request for review was denied by the Appeals Council, she filed the instant appeal with this Court.  Id. at 2.

Upon review, Magistrate Judge Almond concluded that the ALJ's step two denial was not supported by the evidence in the record and that the matter should be remanded for further administrative

2

proceedings.  Id. at 12, 14, 16.  Defendant filed a timely objection to the R. & R ("Def.'s Obj."), ECF No. 22.

II. Standard of Review

This Court conducts a de novo review of the parts of the R. & R. to which the parties have properly objected.  Fed. R. Civ. P. 72(b)(3).  As such, the Court reviews the decision of the Commissioner using the same standard as Magistrate Judge Almond.

III. Analysis

Defendant's primary objection to the R. & R. boils down to a disagreement over the treatment of Plaintiff's medical history as it relates to the eight-month period of disability.[1]  See Def.'s Obj. 5-6.  Defendant challenges the conclusion that the ALJ "t[ook] an overly narrow view of [Plaintiff's] medical history."  R. & R. 12-13; see Def.'s Obj. 2.  Defendant argues instead that the ALJ's evaluation of the evidence was proper given the medical evidence demonstrating limited treatment during that eight-month period. Def.'s Obj. 2.  The R. & R. errs, Defendant contends, "in holding that the ALJ was required to find the evidence outside the relevant period shed light on Plaintiff's functionality during the relevant period."  Id. at 5.[2]

---

[1] As Magistrate Judge Almond determined, the parties do not dispute that the period during which Plaintiff was eligible to collect benefits occurred from April 30, 2015 to December 21, 2015.  R. & R. 12.
[2] Defendant also takes issue with Magistrate Judge Almond's findings in footnote 1 of the R. & R. — that Plaintiff

3

It is true that a "claimant must show that her impairment(s) reached a disabling level of severity" by the date last insured. <u>Moret Rivera v. Sec'y of Health & Human Servs.</u>, No. 93-1700, 1994 WL 107870, at *5 (1st Cir. Mar. 23, 1994). However, medical evidence from outside of the insured period may still be relevant "for what light (if any) it sheds on the question whether claimant's impairment(s) reached disabling severity <u>before</u> claimant's insured status expired." <u>Id.</u> (emphasis in original). Additionally, a hearing officer is "required to consider all the evidence," but is not "obligated. . . to address directly every piece of evidence." <u>DaSilva-Santos v. Astrue</u>, 596 F. Supp. 2d 181, 188 (D. Mass. 2009).

After careful review, the Court agrees with Magistrate Judge Almond's analysis of the ALJ's treatment of Plaintiff's medical history and the conclusion that, given the full context of that history, certain of the ALJ's findings as to Plaintiff's back impairment and MRSA condition are "irreconcilable with the record". R. & R. 14-15. Accordingly, the Court further agrees with Magistrate Judge Almond that "[r]emand is warranted to further

---

"persuasively argues" that the state agency physicians relied upon by the ALJ did not review the opinions of a treating physician and that those consulting physicians' opinions did not "suggest[] that they were aware" of Plaintiff's back impairment. R. & R. 13 n. 1. The Court finds no error as to these determinations.

4

review [Plaintiff's] conditions in historical context" to make a step two disability determination.[3] Id. at 16.

IV. Conclusion

For the reasons stated herein, the R. & R., ECF No. 21, is ACCEPTED and its reasoning is ADOPTED in full, over the objections. Consequently, Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 14, is GRANTED, and Defendant's Motion to Affirm the Decision of the Commissioner, ECF No. 17, is DENIED. Final Judgment shall enter in favor of Plaintiff and this matter shall be remanded for further proceedings consistent with this order and the R. & R.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
District Judge
Date: January 3, 2020

---

[3] Additionally, Plaintiff objects to Magistrate Judge Almond's finding that this is "a fairly close case" and that remand for rehearing is appropriate. Pl.'s Reply to Def.'s Obj. 2 (quoting R. & R. 14), ECF No. 23. However, the Court agrees with Magistrate Judge Almond on this point and therefore overrules Plaintiff's objection.